**BEVAN, MOSCA & GIUDITTA, P.C.**
A Professional Corporation
222 Mount Airy Road, Suite 200
Basking Ridge, New Jersey 07920
(908) 753-8300
John D. Coyle 02963-2001
Jesse C. Ehnert 03826-2007
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHAED M. ZELMA, *pro se*,<br><br>             Plaintiff,<br><br>v.<br><br>CHOICE ENERGY, LLC d/b/a 4 Choice Energy LLC, MICHAEL JOSEPH NEEDHAM and MOSES K. CHEUNG,<br><br>             Defendant. | Original Action:<br>SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>Docket No.: BER-L-5773-19<br><br>**NOTICE OF REMOVAL** |

Defendants Choice Energy, LLC d/b/a 4 Choice Energy LLC, Michael Needham, and Moses K. Cheung, ("Choice Defendants") hereby give notice of the removal of this civil action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441(c), and 1446, and in support thereof, states as follows:

1.   On or about August 8, 2019, Plaintiff commenced this action by filing a Complaint with the Superior Court of New Jersey, Bergen County.   A true and correct copy of which is attached hereto as Exhibit A.

2.   On or about August 15, 2019, the Choice Defendants received the Complaint.

3.   The Complaint attached as Exhibit A, with Summons, Case Information Statement and Track Assignment Notice, constitute all of the pleadings that have been filed in this matter.

{00090902.1 }

4.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. 1441(c) inasmuch as this matter is a civil action alleging claims arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title).

5.   As set forth in Paragraph 1 of the Complaint, "This suit is brought pursuant to applicable authorities; 27 U.S.C. §§227(b)(1)(A)(iii) &(c)(5) (TCPA)."

6.   Further, Plaintiff alleges violations of 47 U.S.C. §§227(b)(1)(A)(iii) &(c)(5) in paragraphs 14, 55, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, and 94, with Count One of the Complaint entirely premised on same.

7.   In paragraph 62, Plaintiff also alleges violations of 47 U.S.C. §§227(b)(3).

8.   In paragraph 63, Plaintiff also alleges violations of 47 U.S.C. §§227(b)(1)(B).

9.   In paragraph 81, Plaintiff also alleges violations of 47 U.S.C. §§227(b)(3)(A).

10. Count Three, paragraphs 106-111 of the Complaint allege violations of 47 U.S.C. §§227(c)(5)(C).

11. Count Four, paragraphs 113-118 of the Complaint allege violations of 47 C.F.R. §64.1601(e).

12. In paragraph 127, Plaintiff also alleges violations of 47 U.S.C. §§312(f)(1).

13. In paragraph 129, Plaintiff also alleges violations of 47 U.S.C. §§227.

14. According to the Complaint, Plaintiff is a resident of the state of New Jersey.

15. Choice Energy LLC's principal place of business is in Iowa.   Its members are citizens of the state of Iowa.

16. Defendant Michael Needham is a citizen of the state of Iowa.

17. Defendant Moses K. Cheung is a citizen of the state of New Jersey.

18. Pursuant to 28 U.S.C. §1441(a), the United States District Court for the District of New Jersey in Newark is the proper venue for removal because it encompasses the place where this action is pending.

19. Upon filing of this Notice of Removal, the Choice Defendants will give written notice thereof to *pro se* plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

**WHEREFORE** the Choice Defendants hereby remove this action now pending in the Superior Court of New Jersey to the United States District Court for the District of New Jersey in Newark, wherein it shall proceed as an action originally commenced therein.

*s/ John D. Coyle*
John D. Coyle 02963-2001
Jesse C. Ehnert 03826-2007
BEVAN, MOSCA & GIUDITTA, P.C.
222 Mount Airy Road, Suite 200
Basking Ridge, NJ 07920
Telephone: (908) 753-8300
Facsimile (908) 753-8301
jcoyle@bmg.law

Dated: August 30, 2019

Notice to:     Richard M. Zelma
               940 Blanch Avenue
               Norwood, NJ 07648

# Exhibit A

Attorney *in fact*:
Richard M. Zelma, *pro se*
940 Blanch Avenue
Norwood, New Jersey 07648

Tel: 201 767 8`53
Attorney for *SELF*

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

## LAW DIVISION

Richard M. Zelma, *pro se*
Plaintiff

Docket No.: **BER-L- 5773-19**

vs.

**CHOICE ENERGY, LLC d/b/a;**

**4 Choice Energy LLC,**
**MICHAEL JOSEPH NEEDHAM**
**and MOSES K. CHEUNG**

## SUMMONS

Defendant(s)

---

**𝕱𝖗𝖔𝖒 𝕿𝖍𝖊 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝕵𝖊𝖗𝖘𝖊𝖞** To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **20** days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith
Clerk of the Superior Court

**DATED:** Aug. 8, 2019

**SERVE:** CHOICE ENERGY, LLC d/b/a 4 Choice Energy LLC and its owner/ agent, Michael Joseph Needham, at; 29101 Woodland Hills DR, Dallas Center, IA 50063
**SERVE:** MOSES K. CHEUNG at; 50 Tilton Drive, Freehold, NJ 07728

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| Date Filed | 8/2/19 |
| Payment # | 699 |
| CA ⃝ CK ⃝ CC  MO  CG | |
| Amount | 250 |
| Payor | Zelma |
| Batch/Ref/Case # | 582 |

| | |
|---|---|
| **Richard M. Zelma**<br>**Plaintiff**<br>Vs.<br><br>CHOICE ENERGY, LLC d./b/a; 4<br>Choice Energy LLC, ( Hereinafter;<br>"Choice"); and<br>MICHAEL JOSEPH NEEDHAM,<br>Individually and as Principal of<br>Choice; and<br>MOSES K. CHEUNG, Individually<br>and as Principal of Choice; and<br>TELEMARKETER[s] CALLING FROM<br>(201) random spoofed local non-<br>working numbers, working call-back<br>numbers and Does' (1-10 and ABC<br>Corporations' (1-10); each acting<br>individually, in concert or as a<br>group.<br><br>**Defendants'** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**BERGEN COUNTY**<br><br>**LAW DIVISION**<br><br>**DOCKET NO.: BER-**<br><br><br>**Civil Action**<br><br>PLAINTIFFS COMPLAINT FOR STRICT<br>LIABILITY STATUTORY DAMAGES for<br>VIOLATIONS of THE TELEPHONE<br>CONSUMER PROTECTION ACT, and;<br>VIOLATIONS TO THE NEW JERSEY NO<br>CALL LAW, and; TREBLED DAMAGES;<br>and PERMANENT INJUNCTIVE RELIEF |

## I.   INTRODUCTION

Plaintiff, Richard M. Zelma, by way of Complaint as against Defendants says as follows:

1.     This suit is brought pursuant to applicable authorities; 47 U.S.C. §§227(b)
(1)(A)(iii)&(c)(5) (TCPA) and N.J.S.A. §56:8-130 *et seq*, which prohibit the

1099

initiation of unsolicited marketing (robo) calls made by telephone; whether live, prerecorded, initiated through an Automated Dialing and Announcement Device (ADAD) or Automatic Telephone Dialing System (ATDS), (hereinafter; "dialer's" or "manually dialing loaded/stored numbers") that were initiated to a telephone connected to a cellular network and a land-line, where both numbers were listed with the federal and (NJ) state no-call-list, to avoid receiving unwanted telemarketing solicitations of any kind.

## II.   PARTIES

*2*.    Richard M. Zelma (hereinafter, "**Plaintiff**" or "Zelma"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648.

## III.   DEFENDANTS

*3*.    Defendant Choice Energy, LLC ("CHOICE" or "Defendant"), is a company located in Iowa, and transacts business in, inter alia, Montgomery County. CHOICE markets and sells, inter alia, alternative electric supply services to individuals throughout New Jersey and other states in the US. CHOICE does business under the name 4 Choice Energy, (LLC). Its principal mailing address and address for service of process is located at 1031 Office Park RD West Des Moines, IA, 50265.

*4*.    Defendant Michael Joseph Needham ("NEEDHAM" or "Defendant") is an adult individual who is the Primary Managing Member and Principal of CHOICE, where upon information and belief is CHOICE's Primary Owner.

5.     Needham resides at 29101 Woodland Hills DR, Dallas Center, IA 50063, and may be served at that location.

6.     Needham is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in his companies' name. Such tortious, or *ultra vires* conduct exceeds the permissible actions of corporations both in New Jersey, Iowa, and nationwide.

7.     Defendant Moses K. Cheung ("CHEUNG" or "Defendant") is an adult individual who is the Co-Managing Member and Principal of CHOICE, where upon information and belief is CHOICE's Co-Owner.

8.     Chung resides at 50 Tilton Drive, Freehold, NJ 07728, and may be served at that location.

9.     As Principal of CHOICE, Cheung is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out in his companies' name. Such tortious, or *ultra vires* conduct exceeds the permissible actions of corporations both in New Jersey, Iowa, and nationwide.

10.    Plaintiff sues both individual owners of Choice, Needham and Chung, under the Responsible Corporate Officer Doctrine.

11.    Upon Plaintiffs information and belief, any unconfirmed various and other names used herein, or information garnered through conversation, was freely given by the calling agents during the course of the subject solicitations and if applicable, are to be considered among the facts and/ or Doe Defendants.

## IV.    JURISDICTION AND VENUE

12.    The facts giving rise to this complaint had their primary effect in the

County of Bergen, State of New Jersey.

13. This Court has specific jurisdiction under <u>N.J.S.A.</u> §§56:8-19 & 130, where Defendants and each of them engaged in substantial, continuous and systematic activities by repeatedly initiating prohibited autodialed calls (robo-calls) into New Jersey, within this County, to Plaintiff, a resident whose New Jersey phone numbers are registered with the Federal and States no-call list since inception and the controlling jurisdiction in which the violations occurred.

14. This Court has general jurisdiction under authority of the TCPA, 47 <u>U.S.C.</u> §§227(b)(1)(A)(iii)&(c)(5) in that the Defendants repeatedly violated those proscriptions and repeatedly called and solicited Plaintiff.

15. The Defendants alleged at the time of their calls to have registered with the New Jersey Public Utility Commission; where they were licensed in New Jersey to offer their products or services and therefore at the time of their calls, they were believed to be situated in and residents of the Forum State.

16. As further set out below, the defendant's and each of them made a conscious decision to purposely direct their prohibited activities into the Forum State, towards Plaintiff, deliberately, willfully or knowingly calling his telephones, annoying his household in the course of unlawfully soliciting their services for their own financial gain.

## V.   ACTS OF AGENTS

17. Whenever and wherever it is herein alleged that the Defendant[s], either individually, in concert with others or as a group, did any act defined, described or set forth below, it is meant the Defendant[s] performed, caused to be

performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, successors, assigns, predecessors, affiliates, or 'other' agent[s], performed or participated in those acts on behalf of, for the benefit of, and/or under the authority or direction of the Defendant[s] and each of them under Agency.

## VI.   BACKGROUND

18.   Plaintiff subscribes to phone numbers [201] 767 8153 and cell phone Phone [201] [XXX] 0851.

19.   All of Plaintiffs phone numbers referenced above have been and remain listed on the FTC and New Jersey no-call-registry since inception, 2003 and 2004 respectively.

20.   Plaintiff never inquired about the defendants' products or services.

21.   Plaintiff never heard of the defendants!

22.   Plaintiff does not need the defendants' products or services.

23.   Plaintiff never provided either or any of the Defendants express written consent to solicit him through an automatic dialer.

24.   Plaintiff never provided either or any of the Defendants his cellular or residential phone numbers to solicit him.

25.   Plaintiff received and answered each of the unlawful calls at issue, on the dates received, which were from, by or on behalf of the defendants, as set forth in detail and described herein below.

## VII.  FACTUAL ALLEGATIONS

26.    Commencing on or about December 19, 2017 and continuing through October 31, 2018, where additional dates might surfacing through continuing discovery, Plaintiff received and answered a total of **six (6)** incoming calls.

27.    One (1) call was knowingly initiated to his Cellular telephone ending in [0851] and five (5) calls were made to his residential land-line telephone ending in [8153].

28.    Both devices displayed spoofed local numbers on Caller ID often with the name ENERGY/SAVE NRG, or no name at all.

29.    Plaintiffs table of calls are made a part hereof as follows:

| DATE | TIME OF CALL | CALLER ID/NUMB-NAME | DURATION |
|---|---|---|---|
| 12.19.2017 | 15:20 HOURS | 732-360 5510 / 4 CHOICE | 8153-LAND LINE -7:32mns |
| 09.07.2018 | 12:57 PM | 908 858 5240/ ENERGY | 8153-LAND LINE -7:51mns |
| 09.10.2018 | 11:42AM | 201 767 1221/NO NAME SENT | 8153-LAND LINE -1:06mns |
| 09.12.2018 | 15:21 HOURS | 908 858 5240 / NO NAME | 0851-CELL 1:40mns |
| 09.13.2018 | 14:18 HOURS | 201 767 7829/ SAVE NRG | 8153-LAND LINE -1:26mns |
| 10.31.2018 | 13:29 HOURS | 201 767 3160/ UNAVAIL | 8153-LAND LINE -2:35mns |

30.    The Defendants fraudulent script, used by the live agents was meant to deceive the called recipient by claiming they received authorization and billing records from Plaintiffs Utility company, which after an inquiry with the utility company, was found to be false.

31.    The Defendants calls, using local spoofed numbers, was a direct attempt to mislead Plaintiff to answer their calls, which was the result.

32.    Plaintiff inquired with each agent as to how they obtained his number and

was told "your utility provided it".

*33.* In conversation with each live agent, Plaintiff made a do-not-call request. In response, the live agents claimed they could not handle the request as they were only an outbound call center. The agents provided the Defendants website (http://m.4choiceenergy.net) and toll free number; [888]-565-4490, to call with any request.

*34.* Plaintiff called that number on the website on more then one occasion. Those agents confirmed that calls were being made to residents in specific calling areas.

### VIII.   DEFENDANTS CALLS

*35.* The Defendants, either contract with one or more third party vendors to solicit consumers or initiate the calls themselves.

*36.* The Defendants use automatic telephone dialing equipment ("ATDS") to contact potential customers.

*37.* The Defendants initiate[d] calls to consumers including Plaintiff who have not consented to being contacted through the use of an ATDS or other means.

*38.* The Defendants are vicariously liable for the conduct of their vendors, as it contracts with them while knowingly making telemarketing calls, soliciting the products or services of Choice, under ordinary principles of agency.

*39.* The Defendants are vicariously liable for the conduct of their vendors, because they knowingly directed or authorized the vendor's conduct constituting the statutory violations alleged herein.

*40.* The Defendants established, knowingly approved and ratified their scripts, their calling list, the dialing configurations and programs of their automatic

dialers or that of their vendors, along with their policies and procedures.

**41.** The Defendants knowingly participated in and accepted the benefits of illegal telemarketing campaigns by accepting calls being "hot-transfered" to them to complete a sale.

**42.** The Defendants knowingly accepted the benefits of their illegal telemarketing campaigns by accepting customer accounts and sales, even though they knew or should have known that those sales were generated through the marketing of illegal telemarketing calls such as those described herein.

**43.** The Defendants did not have nor ever had Plaintiffs express written consent to receive telemarketing calls initiated to him through the use of an Automated Dialing and Announcement Device and lack any proof to the contrary.

**44.** The calls defined and described above were each responded to and answered by Plaintiff.

**45.** The Defendants continued to call Plaintiff multiple times, even after repeatedly being told not to do so. Id.

**46.** The defendants' calls did not display the true calling number on Plaintiffs Caller ID, thus preventing Plaintiff from calling back during normal business hours to make an additional no-call request.

**47.** The Defendants and each of them made the subject calls as defined and described above and did so willfully, knowingly and maliciously in violation of the TCPA; The New Jersey no call law, and violated the privacy rights of Plaintiff.

## IX.  VIOLATIONS OF LAW

**48.** The Defendants initiated the foregoing calls and did so using an automatic

dialing and announcement device. Additional calls will be sought through continuing discovery.

49. The defendants do not have an internal no-call list nor a no-call-list purchased and subscribed from the FTC's National Do-Not-Call Registry as required by law.

50. The defendant's employees, call-centers or agents are not trained in the use of a company specific no-call list as required by law.

51. The defendants do not have procedures in place to "effectively" prohibit unwanted calls.

52. The defendants falsely claimed that plaintiffs utility company gave them Plaintiffs phone numbers.

53. The absence of mandatory minimum standards and regulatory compliance procedures evidenced above, contributed to and resulted in the defendants repeated calls, thereby indicating the absence of any "effective" no-call procedures.

54. Each call received was in violation of plaintiff's previous no-call request.

55. Each call received violated the terms of the TCPA.

56. Each call received violated the provisions of the New Jersey no call law.

57. The Defendants did not produce a valid calling number on Plaintiffs caller ID.

58. The defendants and each of them knowingly or willfully hid, blocked or deprogrammed the real phone numbers, from which the calls initiated to purposely hide their true identity and that of their call-centers, thereby making it difficult,

if not impossible for Plaintiff or others to effectively stop their calls. *Id.*

59.    All of the defendant's calls were purposely programmed to transmit false and misleading local phone numbers as the caller, to Plaintiffs' Caller ID, violating the Truth in Caller ID Act, 2009.

60.    Each of the defendants' numbers appearing on Plaintiffs Caller ID, were spoofed local numbers, which when called back, were not in service.

61.    At all times material to this Complaint, acting alone or in concert with others, the defendants and each of them, had the authority and responsibility to prevent or correct the unlawful acts but knowingly failed or refused to do so and willfully chose to do nothing!

62.    The Defendants are therefore liable along with the currently unnamed Doe Defendants, under the terms of 47 U.S.C. §227(b)(3); (c)(5) and N.J.S.A. §56:8-130.

## X.   DEFENDANTS USED AN AUTOMATED DIALING DEVICE

63.    The Defendants used an automated dialing device (ADAD) or an Automatic Telephone Dialing System (ATDS) to solicit Plaintiffs Cell Phone and did so in violation of 47 USC §227(b)(1)(B).

64.    The defendants numbers appearing on Plaintiffs Cell phone caller ID as well as his land-line, were found to be spoofed. Calling those numbers back reached a 'not in service' signal, the vacant number intercept - SIT Tone or Special Information Tone.

65.    When answering the defendants calls and upon Plaintiff's completed greeting, the Defendants automatic dialer would recognize the word ("hello") and proceed to transfer the call to the next available agent.

66.     An alert tone, a telephonic 'bloop' sound, would then be simultaneously heard by the called party as well as the caller, alerting the call originators next available agent, that a call is being transferred by the auto dialer and where the recipient said "hello".

67.     Those live agents did not dial Plaintiffs number. During multiple calls, those live agents did not know who they were speaking with because the auto dialer did not pass the "subscriber" data to those agents, it only dials out.

68.     During multiple calls, the live agents admitted they do not dial numbers, claiming "the computer does that."

69.     The defendants employed the use of a computer or auto dialer configured or programed to initiate telemarketing calls to a broad area of residential consumers or to a specific area programed by zip or area code.

70.     Once the desired data is configured into the dialer, it will perform its tasks automatically.

71.     The dialers can be configured to initiate calls to a downloaded set of numbers, (the data) or it can be set to initiate calls within specific parameters by initiating calls to randomly generated numbers or sequentially generated numbers.

72.     The ability of a dialer to initiate outgoing calls is not only governed by its ability to store and reproduce said numbers, it is simply that a dialer is selected in lieu of a person manually dialing each such number as the dialer can do so with speed, efficiency and less likely to mis-dial a number unless such number[s] are mistakenly entered into the dialer.

73.     Once the dialer is configured with the required data and set for a specific purpose, through a series of algorithms, the dialer will perform its task and proceed

to initiate calls "automatically." [1]

74.    Therefore, the initiation of the subject calls were not specifically or individually hand-dialed or manually dialed by the caller[s].

75.    Thus, for the foregoing reasons, the telephone dialer is and was utilized in the course of the defendants telemarketing campaign, albeit unlawfully, but for its automated ability to relieve the defendants agents from manually dialing thousands of individual consumers.

76.    At all times relevant, the Defendants and each of them, purposely, willfully or knowingly made the calls at issue to Plaintiff; initiated or caused the initiation of those calls to Plaintiff; and delivered said calls to Plaintiff, which were purely commercial in nature, to benefit the Defendants' own financial gain.

77.    The Defendants failed to obtain Plaintiffs prior written express consent to receive their auto-dialed unsolicited calls.

78.    The defendants' actions were willful or knowing.

79.    As alleged herein, each of the defendant's willful, purposeful or reckless disregard of the law; knowingly implementing and initiating unlawful calls; violated the TCPA as well as the New Jersey no-call-law, where each such call was made with prior knowledge, participation, acceptance and approval, directed by the defendants to the benefit of each of them.

80.    At all times relevant, the Defendants and each of them failed or refused to register their intent to solicit into the State with the New Jersey Division of Consumer Affairs. [N.J.S.A. §§56:8-121(a)(&(b)]

## XI.  THIS COURT'S POWER TO GRANT RELIEF

---

[1]      Plaintiff is a retired system technician from AT&T and the Bell System, holding several credentials including auto-dialer technology and operation under the Bell System Practices.

81.    47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC that protects both Plaintiff.

82.    Plaintiff will suffer continual harassment along with substantial emotional distress and abuse that will annoy and alarm his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

83.    Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks relief under the TCPA's Strict Liability statutory damage award as well as Permanent Injunctive Relief pursuant to the foregoing, against the Defendants and each of them.

## XII.  COUNT ONE
### INITIATING UNLAWFUL CALLS TO A CELLULAR TELEPHONE: PROHIBITED USE OF AN AUTOMATED DIALING DEVICE: VIOLATIONS OF 47 U.S.C. §§227(b)(1)(A)(iii)

84.    Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through eighty-three as if set forth in full at length.

85.    As set forth above, in relevant part; Plaintiff received and answered **one** (1) telemarketing call on his cellular telephone.

86.    That call was initiated through the use of an automated dialer and in violation of law.

87.    The call was not initiated for an emergency nor did the defendants have Plaintiffs prior Express Written Consent to do so.

88.    The TCPA states in relevant part:

        "(a). . .
        (b) Restrictions on use of automated telephone equipment;

(1)PROHIBITIONS:  It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system** or an artificial or prerecorded voice—

(iii) <u>to any telephone number assigned to a</u> paging service, <u>cellular telephone service,</u> specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . ."

89.    The Defendants and each of them unlawfully engaged in the initiation and completion of a telemarketing call to Plaintiffs cellular phone number that was placed on the Federal and State no-call registry since inception.

90.    As set forth herein, the Defendants and each of them unlawfully engaged in the initiation and completion of a telemarketing call, causing Plaintiff to answer his cellular telephone, speak at length with the defendants and consume minutes.

91.    The defendants initiated that call using an automated telephone dialing system (ATDS) in violation of the proscriptions of the TCPA, as amended February 15, 2012, FCC REPORT & ORDER, *NPRM, 25 FCC Rcd at 1508-1511, paras. 17-23.*

92.    Prior to their calls, the Defendants did not have Plaintiffs prior express consent to initiate telemarketing calls to his cellular phone using an auto-dialer. *Id.*

93.    The defendants ATDS did not transmit accurate caller ID identification

for the subject call.

94.     The defendants foregoing conduct by each of them initiating **a** State and Federally prohibited call, constitutes **a** separate and distinct violation to the TCPA, 47 U.S.C.§227(b)(1)(A)(iii) and the Regulations promulgated thereunder, 47 C.F.R.§64.1200(a)(1).

WHEREFORE, Plaintiff demands judgment against Defendants and each of them as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count One for a total of Five Hundred Dollars ($500.00).

## XIII.   COUNT TWO
## ENGAGING IN PROHIBITED ACTIVITY
## PURSUANT TO N.J.S.A. §56:8-130

95.     Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through ninety-four above as if set-forth in full at length.

96.     In a plan, program or campaign to solicit Plaintiff, on the dates and times set forth herein, the Defendants' initiated a telemarketing call to Plaintiffs cellular phone.

97.     The Defendant[s] initiated the call to Plaintiffs cellular phone with the intent to market their products, goods or services. *Id.*

98.     New Jersey's no-call-law, codified under N.J.S.A. §56:8-120 *et seq*, states as follows:

"Telemarketing" is a plan, program or campaign which is conducted by telephone to encourage the purchase or rental of, or investment in, merchandise, but does not include the solicitation of sales through media other than

a telephone call."

99. The defendants actions are unlawful under N.J.S.A. §56:8-130 by meeting the definition of a prohibited solicitation. The Defendants were selling their products and / or services.

100. As defined under authority of the New Jersey Consumer Fraud Act, codified at <u>N.J.S.A.</u> §56:8-19, The Act sets-forth the following;

> "<u>N.J.S.A.</u> §56:8-19 **Action ... by injured person; recovery of damages, costs.**
> Any person who suffers any ascertainable loss of moneys ... as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action ... therefore in any court of competent jurisdiction. **In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest.** In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable ..., filing fees and reasonable costs of suit."

101. The Defendants actions are declared unlawful under the Telephone Consumer Protection Act, 47 USC §227, (TCPA) [*the **act** hereby supplemented*].

*<u>Id.</u>*

102. By initiating a call to Plaintiffs cell phone, the defendants caused Plaintiff to suffer a loss of minutes from his cellular plan, an ascertainable loss of moneys as that term is defined by statute, for answering the defendants unlawful prerecorded calls.

103. Plaintiff suffered 'damages' to the protections afforded him under the New Jersey Consumer Fraud Act (CFA). Violations to the CFA are "strict liability trebled damages.

*104.* Therefore, in addition to any other appropriate legal or equitable relief, Plaintiff seeks a separate award of the mandatory threefold damages sustained as a result of the Defendants use or employment of an act or practice declared unlawful under N.J.S.A. §56:8-130 *et seq*; initiating telemarketing calls to Plaintiff's cellular phone, causing Plaintiff an unwanted loss of 'plan minutes', violating Plaintiffs privacy rights, entitling Plaintiff this additional action.

WHEREFORE, Plaintiff demands judgment against Defendants pursuant to applicable authority, N.J.S.A. §56:8-19 as follows:

In addition to any other appropriate legal or equitable relief under the CFA, award Plaintiff the statutory trebled damage award for the unlawful call material to Count Two, for a total of Fifteen Hundred Dollars ($1,500.00).

### XIV.   COUNT THREE
### VIOLATIONS OF 47 U.S.C. §227(c)(5)(C)
### UNLAWFULLY SOLICITING A NUMBER
### ON THE FTC NO-CALL-LIST

*105.* Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one hundred-four as if set forth in full at length.

*106.* On the dates set forth herein, Plaintiff received and answered his residential land-line and cellular telephone and identified six (6) total calls from the Defendants, all made within a 12 month period.

*107.* The defendants repeatedly initiated those calls to numbers that had been placed on the FTC no-call-list since inception. *Id.*

*108.* Each of the Defendants calls were <u>not emergencies</u> but purposely initiated to plaintiff for telemarketing purposes and violated the proscriptions of 47 U.S.C. §227(c)(5)(C).

*109.* The TCPA states in relevant part:

*110.* "47 USC §227;

> (A) . . .
> (B) . . .
> (c) Protection of subscriber privacy rights
>
>     (5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> > (A) . . .
> > (B) . . .
> > (C)    both such actions.
>
> "It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

*111.* The defendants did not implement or established a no-call policy; did not register their intent with the State of New Jersey to solicit consumers in the forum state and did not purchase a no-call subscription from the FTC.

    WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    Award Plaintiff strict liability statutory damages of $500.00 for

each of the SIX**(6)** calls material to Count Four for a total of Three Thousand Dollars ($3,000.00).

## XV.   COUNT FOUR
## VIOLATION OF 47 C.F.R. § 64.1601(e)
## AS PROMULGATED UNDER 47 U.S.C. § 227(C)

*112.*  Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one hundred eleven as if set forth in full at length.

*113.*  The defendants six (6) robo-calls were initiated without transmitting a valid name and without transmitting a valid telephone number which therefore constitutes [a violation] of 47 C.F.R. §64.1601(e) as promulgated under 47 U.S.C. § 227(c).[2]

*114.*  The defendants knowingly and purposely spoofed their number, sending inaccurate or false Caller ID information, or at times, no information, for the sole purpose to hide their identity or mislead the called party as to who was calling, while wrongfully obtaining the value of deception, forcing the called party to answer their calls.

*115.*  The Defendants purposeful use of inaccurate Caller ID or in the alternative, no caller ID, caused concrete harm by violating the law, peace and solitude of plaintiff's privacy.

*116.*  The defendant's purposeful use of spoofed Caller ID or failing to provide any caller ID was a deliberate attempt to wrongfully obtain something of value for their own financial gain.

---

[2]    47 C.F.R. § 64.1601(e) requires every telemarketing call to transmit either the telemarketer or seller's name, and to transmit a phone number which a consumer could call back to request placement on the do-not-call list.

DOCKET NO.: BER – L-

117.    The defendants initiated their calls, devoid of factual and actual identification, intentionally cloaking their true identity, thus deceiving the called party to answer their unwanted calls.

118.    Therefore, the Defendants and each of them performed their act of deception by knowingly or willfully displaying local spoofed numbers, designed and meant to appear as energy companies, with their intent to mislead the plaintiff into answering his phone; to believe it was a legitimate entity calling and to obtain something of value through a prevarication to have plaintiffs utility switched over to the defendants.[3] *Id.*

>   WHEREFORE, Plaintiff demands judgment against Defendants as follows:
>
>   Award Plaintiff strict liability statutory damages of $500.00 for each of the Six (6) calls material to Count Five for a total of Eight Thousand Five Hundred Dollars ($3,000.00).

## XVI.   COUNT FIVE
## AWARD FOR STATUTORY TREBLED DAMAGES FOR WILLFUL OR KNOWING VIOLATIONS OF THE TCPA, 47 U.S.C. §227(b)(3)(C)

119.    Plaintiff hereby incorporates all of the allegations of paragraphs one through one hundred-eighteen as if set forth in full at length.

120.    Plaintiff's notification not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of the registry in 2003 & 2004 (respectively). *Id.*

---

[3]    Defraud; tricked; To practice fraud; to cheat or trick; to deprive a person of property or any interest, estate, or right by fraud, deceit, or artifice. People v. Wiman, 148 N. Y. 29,42 N. E. 408; Alderman v. People, 4 Mich. 424, 09 Am. Dec. 321; U. S. v. Cur-ley (C.C.) 122 Fed. 740; Weber v. Mick, 131 111. 520, 23 N. El 640; Edgell v. Smith, 50 W.Va. 349, 40 S. B. 402; Curley v. U. S. 130 Fed. 1, 04 C. C. A. 309. Blacks Law Dictionary 6th Edition.

*121.* The Defendants knowingly or willfully violated the TCPA as well as the N.J. no-call-law when they resorted to 'robo' call and solicit Plaintiff as set forth above, purposely spoofing caller ID and initiated their prerecorded calls to Plaintiff without prior express written consent to do so.

*122.* As set forth herein, the defendant(s) knowingly or willfully used an affirmative act in an unconscionable commercial practice of deception, fraud, false pretense and misrepresentation in connection with Caller ID and their telemarketing solicitations. *Id.*

*123.* As set forth above, the defendants knowingly solicited into New Jersey while not being registered with the Department of Law and Public Safety, New Jersey Division of Consumer Affairs. *Id.*

*124.* On the dates set forth above, the Defendants knowingly or willfully initiated calls to Plaintiff with their intent to solicit him using false pretense, knowing they would be calling numbers on the federal and state no-call-list but chose to call anyway, which they did.

*125.* The defendants foregoing wrongful acts were knowingly made with false claims, of being authorized to call Plaintiff for his current utility company.

*126.* The defendants foregoing acts or practices as set forth above, were known, directed, accepted and approved prior to implementation by the Defendants and each of them in their capacity as owner[s], director[s], attorneys, marketers or managing member[s] and through Agency for each of the other defendants.

*127.* The Communications Act of 1934, 47 U.S.C. §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement as it defines willful

conduct as *"the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."*

128.    The defendants knew their intentions to solicit plaintiff by telephone would violate the TCPA as well as New Jersey's no-call law, but they knowingly chose to initiate their unlawful calls anyway.

129.    The Defendants and each of them knowingly or willfully violated the TCPA; **47 U.S.C.§227** which provides strict liability by statute, for Plaintiff to receive damages, of $1,500.00, for **each count and every violation** within each such call identified within this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

> Award Plaintiff trebled the strict liability statutory TCPA damages of Counts Three and Four; for a total of $18,000.00. Award Plaintiff trebled the strict liability State Law damages under Count One, sought in Count Two under the CFA for Fifteen Hundred Dollars ($1,500) for a combined total award of Nineteen Thousand Five Hundred Dollars. ($19,500.00)

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

(a)     Award Plaintiff strict liability statutory damages of $500.00 for the call made in violation of the regulations prescribed under the TCPA, **47 U.S.C. §§227(b)(1)(A)(iii)** material to Count One for a total of $500.00.

DOCKET NO.: BER – L-

(b)      Under authority of the New Jersey Consumer Fraud Act, codified at **N.J.S.A. §56:8-130;** award Plaintiff the automatic trebled damages of Count One to an amount of $1500.

(c)      Award Plaintiff strict liability statutory damages of $500.00 for each of the Six (6) calls made in violation of the regulations prescribed under the TCPA, **47 U.S.C. §227(c)(5)(C)** material to Count Three for a total of $9,000.00.

(d)      Award Plaintiff strict liability statutory damages of $500.00 for each of the Six (6) calls made in violation of the regulations prescribed under the TCPA, **47 C.F.R. § 64.1601(e),** as promulgated under **47 U.S.C. § 227(C)** material to Count Four for a total of $9,000.00.

(e)      Award Plaintiff **trebled statutory damages** for the series of prohibited calls that were willfully or knowingly made in violation of the TCPA, defined within the Communications Act of 1934, **47 U.S.C. §312(f)(1),** administered by the FCC, for the Six (6) calls addressed in Counts One, Two, Three and Four, trebling that amount to $19,500.00 or as This Court deems appropriate.

(f)      Award Plaintiff costs associated with this litigation pursuant to **N.J.S.A. §56:8-19**

(g)      Award Plaintiff Permanent Injunctive Relief pursuant to 47 **U.S.C.** §227(b)(3)(A)

(h)      Award Plaintiff any Other Equitable Relief the Court deems justified to stop the telemarketing defined and described herein.

**(i)**    Plaintiff reserves the right to amend this complaint or supplement this prayer, in the event additional violations or information surface through continuing discovery.

Respectfully submitted,

By: _____

RICHARD M. ZELMA, *pro se*

Dated: **July 31, 2019**

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated.   No other parties should be joined in this action.

By: _____

RICHARD M. ZELMA, *pro se*

Dated: **July 31, 2019**

## NOTICE TO ATTORNEY GENERAL
## FOR THE STATE OF NEW JERSEY

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A. §56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: **July 31, 2019**

Signed on the date set forth herein, Norwood, NJ 07648

**Appendix XII-B1**

<table>
<tr>
<td rowspan="6">[seal/emblem]</td>
<td colspan="2"><strong>Civil Case Information Statement</strong><br>(CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under <em>Rule</em> 4:5-1<br><strong>Pleading will be rejected for filing, under <em>Rule</em> 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed</strong></td>
</tr>
</table>

| For Use by Clerk's Office Only | |
|---|---|
| Payment type: ☐ ck ☐ cg ☐ ca | |
| Chg/Ck Number: | |
| Amount: | |
| Overpayment: | |
| Batch Number: | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Richard M. Zelma | (201) 767-8153 | Bergen |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | BER-L-L-005775-19 |

| Office Address | Document Type |
|---|---|
| 940 Blanch Ave<br>Norwood NJ 07648 | Complaint |
| | Jury Demand ☐ Yes ☑ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Richard Zelma, Pltf | Zelma vs. CHOICE ENERGY, LLC d/b/a, 4 Choice Energy LLC;<br>MICHAEL JOSEPH NEEDHAM and MOSES K. CHEUNG |

| Case Type Number (See reverse side for listing)<br><br>699 | Is this a professional malpractice case? ☐ Yes ☑ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law<br>regarding your obligation to file an affidavit of merit. |
|---|---|

| Related Cases Pending?<br>☐ Yes ☑ No | If "Yes," list docket numbers |
|---|---|

| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>☐ Yes ☑ No | Name of defendant's primary insurance company (if known)<br><br>☐ None<br>☑ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>☐ Yes ☑ No | If "Yes," is that relationship:<br>☐ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain)<br>☐ Familial ☐ Business |
|---|---|

| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes ☑ No |
|---|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| ♿ | Do you or your client need any disability accommodations?<br>☐ Yes ☑ No | If yes, please identify the requested accommodation: |
|---|---|---|
| | Will an interpreter be needed?<br>☐ Yes ☑ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: _[signature]_



**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | | |
|---|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | | 300 | TALC-BASED BODY POWDERS |
| 282 | FOSAMAX | | 601 | ASBESTOS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | | 623 | PROPECIA |
| 286 | LEVAQUIN | | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |
| 289 | REGLAN | | 625 | FIREFIGHTER HEARING LOSS LITIGATION |
| 291 | PELVIC MESH/GYNECARE | | 626 | ABILIFY |
| 292 | PELVIC MESH/BARD | | 627 | PHYSIOMESH FLEXIBLE COMPOSITE MESH |
| 293 | DEPUY ASR HIP IMPLANT LITIGATION | | 628 | TAXOTERE/DOCETAXEL |
| 295 | ALLODERM REGENERATIVE TISSUE MATRIX | | 629 | ZOSTAVAX |
| 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS | | 630 | PROCEED MESH/PATCH |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

# SUPERIOR COURT OF NEW JERSEY - eCOURTS

The following was filed by Richard M. Zelma on 08/02/2019:

| | |
|---|---|
| Plaintiff Name: | RICHARD M ZELMA |
| Defendant Name: | CHOICE ENERGY, LLC, MICHAEL J NEEDHAM, MOSES K CHEUNG, TELEMARKETERS CALLING FROM, DOES' (1-10) ET AL. |
| Case Caption: | ZELMA RICHARD  VS CHOICE ENERGY, LLC |
| Case Number: | BER-L-005773-19 |
| Docket Text: | Complaint for BER-L-005773-19 submitted by Richard M. Zelma , on behalf of RICHARD M ZELMA against CHOICE ENERGY, LLC, MICHAEL J NEEDHAM, MOSES K CHEUNG, TELEMARKETERS CALLING FROM, DOES' (1-10) ET AL. |
| Transaction ID: | LCV2019140O518 |

**Notice was not electronically mailed to:**

| | |
|---|---|
| Plaintiff | RICHARD M. ZELMA |
| Defendant | CHOICE ENERGY, LLC |
| Defendant | MICHAEL J NEEDHAM |
| Defendant | MOSES K CHEUNG |
| Defendant | TELEMARKETERS CALLING |
| | FROM |
| Defendant | DOES' (1-10) |
| Defendant | ABC CORPORATIONS' (1-10) |

Login to eCourts to view the case jacket. You will need a valid user ID(Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey - Civil Part.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.