RICHARD M. ZELMA*
940 BLANCH AVENUE
NORWOOD, NEW JERSEY 07648

* LIFETIME MEMBER: TELECOM PIONEERS OF AMERICA
* LIFETIME MEMBER: COMMUNICATION WORKERS OF AMERICA
* BELL SYSTEM CERTIFIED – C.O. CALL-TRACE FORENSIC TECHNICIAN
* NJ GOVERNMENT & PR SPOKESPERSON FOR PRIVATE CITIZEN, INC.

TELEPHONE 201-767-8153
TELECOPIER: 201-767-8154
EMAIL: TCPALAW@OPTONLINE.NET

---

January 30, 2020
**VIA OVERNIGHT MAIL**
United States District Court, Newark
Martin Luther King Building & U.S. Courthouse
Clerks Office, Room 4015
50 Walnut Street
Newark, NJ 07102

RE: 2:19-cv-17535 - CCC - MF

Dear Sir/Madam:

I'm the Plaintiff in the above entitled matter.
Attached for filing please find;

Plaintiffs;

| | |
|---|---|
| Plaintiffs Surreply | (O&1) |
| Exhibits 1 & 2 | (O&1) |
| Plaintiffs Certification | (O&1) |
| Proof of Service | (O&1) |

Would you kindly provide the Courtesy Copy to The Honorable Claire C. Cecchi, U.S.D.J.

Thank you for Your courtesies.

Respectfully submitted,

Richard M. Zelma, *pro se*
PLAINTIFF

cc: John Coyle, Esq., Counsel for Defendants,
via Court ECF & Electronic Mail

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK

| | |
|---|---|
| Richard M. Zelma<br><br>**Plaintiff**<br><br>Vs.<br><br>CHOICE ENERGY, LLC d./b/a; 4 Choice Energy LLC, ( Hereinafter; "Choice"); and<br><br>MICHAEL JOSEPH NEEDHAM, Individually and as Principal of Choice; and<br><br>MOSES K. CHEUNG,<br><br>**DEFENDANTS'** | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK<br><br>CASE: 2:19-cv-17535-CCC-MF<br><br>PLAINTIFFS SUR-REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS UNTIMELY ANSWERS TO THE COMPLAINT; AND IN OPPOSITION TO THE CLAIMS PLEAD WITHIN THE DEFENSE COUNSELS LETTER BRIEF |

PLAINTIFFS SUR-REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS UNTIMELY ANSWERS TO THE COMPLAINT; AND IN OPPOSITION TO THE CLAIMS PLEAD WITHIN THE DEFENSE COUNSELS LETTER BRIEF

Richard M. Zelma, *pro se*
On the Brief

1

## Overview

This suit is based on the Telephone Consumer Protection Act (47 U.S.C. 227; "the TCPA"), its underlying regulations and common law civil conspiracy, for the Defendants repeated unsolicited telemarketing calls encouraging Plaintiff to purchase and / or invest in the Defendants Products, Goods or Services, that being an alleged "discount energy plan." Plaintiff contends that Defendants collaborated with, hired and contracted with "others" (The Doe Defendants) to initiate thousands of unwanted telemarketing calls to recipients, including Plaintiff, without their express prior consent or invitation as required under the TCPA and where the Defendants profited therefrom.

Choice Energy/ 4 Choice Energy, Michael Joseph Needham and Moses K. Cheung are the key principals in this scheme, and as alleged in the complaint, participated in all of the activities in the scheme either directly or though agents. Although the allegations of the Complaint are sufficient to survive any of the Defendants arguments, discovery is expected to illuminate the participation by each member of the consortium.

## PRELIMINARY STATEMENT
## STATEMENT OF FACTS
### I. BACKGROUND

On or about September 10, 2018, following the receipt of six (6) prohibited calls (Plt. Compl. ¶29) marketing the defendants products or services, Plaintiff sent a letter of intent to the defendants principals informing them in not so many words, that litigation was a legal venue, encouraged by Congress to deter their prohibited acts.

On or about September 27, 2018, Defense Attorney Coyle made his appearance by calling Plaintiff and denying his clients (Choice) participation in or initiating the subject calls. Mr. Coyle blamed a different energy company with a similar name.

While Plaintiff had previously performed his due-diligence, speaking with this "other energy company", it was learned that the similar sounding name, Choice, was the manufacturer of commercial and industrial power-plant equipment in the mid-west, having only commercial utility companies as customers. There primary customer base is in the mid-west and they have no reason or ever engaged in telemarketing. Moreover, Plaintiffs call of inquiry was one of several 'that' entities representative said they receive on a daily basis.

In the ensuing weeks, Plaintiff sent Mr. Coyle notice that he was not buying the story, "the other guy did it." Coyle replied and sent Plaintiff a letter dated March 1, 2019. In that letter, among other defamatory claims, Mr. Coyle specifically told Plaintiff; "*. . .your demands for money are brought in bad faith and I repeat my notice that your extortion lawsuit would violate N.J.S.A. 2A:15-59,1 and Rule 1:4-8.*" Coyle maintained "the other guy did do it" but offered no proof.

In March 7, 2019, Mr. Coyle started settlement negotiations. Shortly after, settlement in principle was reached. However, along with settlement, Mr. Coyle raised 3 issues; (1) Plaintiff submit a W-9. Originally concern over ID theft with exposure of my Social Security number was raised, but resolved shortly after. (2) Coyle wanted a recording of a marketing call relating to his client, made to Plaintiff. An audio copy was emailed to him shortly after.

(3) While the settlement agreement was formalized and made ready, Mr. Coyle threw in yet another caveat. Because he believed Plaintiff was a disbarred attorney, and while I presented and offered additional proof I was not, Mr. Coyle said "he didn't care". He demanded Plaintiff

make a **two (2)** hour drive to his office, whereby, he (Coyle) can be assured he was "handing the settlement check to the right person."

Having told him his demand was unreasonable and where I was willing to provide him any form proof I was never an attorney, again Mr. Coyle stated, "he didn't care, he will not pay the settlement unless I made a personal trip to his office. Once I declined, on April 2, 2019 at 5:59 AM, Coyle sent an email stating he would tell his clients "I no longer want to settle" where he subsequently withdrew the agreement. All settlement terms have since evaporated.

## II.   THE COMPLAINT

On August 2, 2019, Plaintiff filed his complaint in State Court, Bergen County. On August 28, 2019, Mr. Coyle continued his writings which appear to be prejudicial to Plaintiff. This letter, dated August 28, 2019, attached hereto and made a part hereof as EXHIBIT-1, contains claims of frivolous litigation, sanctions, and although Coyle claims certain dates of the subject calls are in dispute, he fails to identify any with particularity.

Furthermore, even more egregious in the letter is his unfounded claim that a *pro se* cannot sign a civil Summons! It has always been well established in the Law Division of State Court where a *Pro se* Plaintiff signs a Summons in the name of the Clerk of Court, and where such permission is spelled out in the Rules.[1] While a typo / error appeared on the subject summons showing a "20" day response time; that error was immediately corrected and considered moot.

His letter goes on to claim, that while he recognizes plaintiff as a non attorney (nor even a disbarred one), he accuses Plaintiff of forgery. [Ex.-1, pg 2] He enforces that claim by stating he's "seen the signature of the Clerk of the Court, Michelle M Smith," where my summons "signature does not appear to be hers."

---

[1] Reference; NJCOURTS.GOV/forms/10553; "The court rules permit a *pro se* plaintiff to issue the summons **and sign it in the name of the Clerk** of the Superior Court."

4

Mr. Coyle wouldn't stop there. The Summons standard terms state; "*if this matter is one for Foreclosure. . . the defendant must file their papers in Trenton.*" Evidently Mr. Coyle doesn't understand a Summons, as the within matter is not a foreclosure case. As the complaint was originally filed in Bergen County, Attorney Coyle actually questioned why the defendants had to appear in Trenton!

Last; he threatens sanctions against "your (my) law firm" and against my 'alleged clients' if "these counterclaims are not withdrawn." Clearly, Plaintiff has no law firm, no clients and there is/were no counter-claim! Defense counsel is severely confused. While Mr. Coyle's letter of August 28, 2019 made specific demands, he breached the 28 day rule and filed the[ir] Notice of Removal August 30, 2019. (ECF - Doc. Entry 1).

### III.   ALLEGATIONS OF FACT.

In filing the complaint, Plaintiff exercised his right to submit requests for admissions pursuant to **R**ule 4:22-1.

Near the complaints 35 day return date, the defendants removed it to federal court. *Id.* Plaintiffs receipt and notice of removal evidently crossed with his filing of a Motion to Strike the Defendants Answers as well enter default for [their] failure to answer Plaintiffs Request for Admissions within the 30 day window. The Defendants were not represented at the time they were served with the Requests for Admissions. (Docket Entry #6)

Just prior to that entry, there was an issue with the process server. I needed to memorialize the issue by submitting a letter to Your Honor by fax, September 23. 2019, with consent or Your Honors law clerk. [Exhibit -2].

5

Within that document, Plaintiff notes; Your Honors law clerk was advised in a phone call while waiting for the corrected Service of Process on <u>September 16, 2019</u> [Exhibit-2, 2nd Para.] where the Defendants Answers **were not received and out of time**.

Once removal was filed, Plaintiff was aware the motion for default to the Request for Admissions under the 30 day rule evaporates and thereby, I immediately withdrew that motion, and copied Mr. Coyle as well. ( Docket Entry #8 )

While the court considered the removal a factor in denying Plaintiffs motion, it is believed where my Motion, filed October 3, 2019 (Docket Entry #9) may have been interpreted by the clerk (Docket Entry #6- QC comments) as improper because of the moot issue to the Requests for Admissions as well as the Defendants answer (albeit late) had been filed.

Following Removal, the Defendants answers to the Complaint were due no later then September 6, 2019 [See:<u>F.R.C.P.</u> 81(c)(2)(C)], which specifically states; "(C); 7 days after the notice of removal is filed."] The Defendants Answers were to be received no later then September 6, 2019. The Defendants answers <u>were filed on September 19, 2019</u> as Docket Entry #5 and were 13 days <u>out of time</u>.

Furthermore, it should be noted; throughout his entire argument, while Mr. Coyle diverts attention elsewhere, not once had he requested a Clerks Order for an extension of time in which to file a late answer. Although the Defendants eventually answered, they were 13 days late! Attorney Coyle did not seek consent, required by the Rules of Court in which to answer late. (See: Civ. Rule 6.1; Extensions of Time and Continuances);

### Civ. RULE 6.1 EXTENSIONS OF TIME AND CONTINUANCES

(a) Each application for an extension of time shall:

(1) be made in writing;

6

(2) be served prior to the expiration of the period sought to be extended; and

(3) disclose in the application the date service of process was effected and all similar extensions previously obtained.

(b) The time within which to answer or reply to any pleadings as to which a responsive pleading is permitted may, before the expiration of the original deadline to answer or reply thereto, and with or without notice, be extended once for a period not to exceed 14 days on order granted by the Clerk. Any other proposed extension of time must be presented to the Court for consideration.

Attorney Coyle never met the requirements set forth above and never sought consent to file his late answers. Accordingly, Plaintiff requests the Defendants Answers be stricken.

## IV. **DISTRACTION and SURPLUSAGE: NOT A LEGAL DEFENSE**

Defense counsels letter (The letter brief) to The Court, dated December 20, 2019, describes Plaintiffs Motion as baseless. He argues where the section addressing the Request for Admissions (RFA), (**which was previously withdrawn Oct. 21, 2019)** must be denied. He continues his argument over this same issue which was entered as Document #8, previously copied to him and available on PACER.

It should also be noted: from the very beginning, Mr. Coyle created and engaged in unfounded threats. He purposely distracted from the core details of the Complaint in an attempt to defame and slander Plaintiff because, "Plaintiff is a *pro se* and he (Coyle) doesn't like *pro se's*". And in doing so, not once has Mr. Coyle presented any evidence of defense in his clients unlawful action, while also ignoring his responsibility to answer the complaint in a timely manner.

7

Under the Federal Rules of Civil Procedure, a court can strike any surplusage such as an insufficient defense, late filings or an immaterial matter. To translate Mr. Coyle's underlying purpose of distraction, meeting the above terms, Plaintiff will define the mechanics of the defendants procedure to market their products or services, why they have no defense and why their Motion should be denied.

In an effort to avoid detection or identification, the defendants and their principals employ and contract overseas call-centers. In this process, they contractually offer hourly pay for a guaranteed number of call attempts, but likewise, offer incentives such as commissions for positive leads. While the TCPA requires these callers to voluntarily identify themselves, the named Defendants instruct the call-center managers to notify its agents, if a called party asks for the name of the business, simply hang up, which is/was the result. This process is designed to insulate the Defendants from TCPA violations while continuing to solicit thousands of unwilling recipients every day. If a called party feigns interest in the product, which was the result in the instant matter, that's considered a positive lead where the call is then transferred, or if initiated after hours, transferred the next business day to the named Defendants own in-house call center. At this point the defendants reveal their true identity.

Likewise, this process meets the definition of Mr. Coyle's *ad nauseam* rants; "my client did not call you." **Interpretative statement;** "My client hired someone to call you in violation of law knowing you were not to be called, we know they do not comply with our laws because they are overseas and we hired them to our benefit because they cannot be detected." The end result, "we did not call you but someone we hired, paid, contracted with and would benefit therefrom, did call you."

The end result is where the named defendants attempt to avoid detection while continuing with their unlawful acts. Mr Coyle's distraction and surplusage responses devoid of any factual

8

defenses were designed to delay and prejudice Plaintiff in moving forward with the prosecution of his complaint. Justice delayed is justice denied.

## CONCLUSION

**For the foregoing reasons,** Plaintiff respectfully requests This Honorable Court;

**Strike** the Defendants Answers as untimely; and

**Grant** Plaintiff simultaneous Entry of Judgment as to all counts in the complaint; and

As to any such motions or request submitted by the defense to date; be **DENIED**.

In the alternative: Plaintiff respectfully requests that all affirmative defenses in the Defendants answers, having no application, relevance or provable defense to the allegations in the complaint, be **DENIED.**

Respectfully submitted,

Richard M. Zelma
Plaintiff *Pro se*

Dated: January 30, 2020

cc: John Coyle, Esq. Counsel for Defendants
VIA ECF



B.M | BEVAN, MOSCA
& G | & GIUDITTA, P.C.

ATTORNEYS AT LAW

222 MOUNT AIRY ROAD, SUITE 200
BASKING RIDGE, NJ 07920-2335
(P) 908.753.8300
(F) 908.753.8301

WWW.BMG.LAW

**JOHN D. COYLE**
jcoyle@bmg.law

August 28, 2019

**VIA EMAIL AND CERTIFIED RETURN RECEIPT MAIL**

Richard M. Zelma
940 Blanch Avenue
Norwood, NJ 07648

    *Re:*  *Richard M. Zelma v. Choice Energy, LLC et al.*
       **Docket No. BER-L-5773-19**

Dear Mr. Zelma:

  We represent Choice Energy, LLC d/b/a 4 Choice Energy LLC, Michael Joseph Needham, and Moses K. Cheung in the above-referenced matter. The claims asserted by you in your Complaint have no basis in law or fact and irrefutably constitute frivolous litigation in violation of Rule 1:4-8 and N.J.S.A. 2A:15-15-1. We hereby provide you with notice that these claims against my client must be dismissed within 28 days from today or sanctions will be sought pursuant to the Rules of Court and New Jersey law.

  We have been discussing this matter for more than a year before you filed suit. During that period of time you were provided with detailed information establishing that the calls you allege here were <u>not</u> made by my clients. In support of your claimed damages, you previously itemized calls you allege were made by my clients. You provided 'logs' and represented there were recordings. You were provided with detailed information establishing that those calls were not made by my clients. You then claimed that there was no truth to the idea that another company was calling itself "Choice." I then forwarded you a ruling from the Maryland Public Service Commission, Consumer Affairs Division from this year that confirmed that another company used the name "Choice" for telephone solicitations.

  Despite this proof, we agreed to enter into a settlement agreement with you that would require you to provide the recordings and logs from the supposed three calls you received, and for my clients to pay you based upon those calls. There is no reason you would have to undercount those calls, because you were receiving compensation for those calls. Here, the dates and times alleged <u>do not match</u> information previously provided, and include additional calls you claim were made.

  I also note that the "Summons" you provided is legally improper as a matter of law. It's unclear what you have copied from, but in a New Jersey action, the defendants do not have 20 days to respond. Further, this matter is venued in Bergen County, but you instructed Defendants to file their responses in Trenton (Mercer County). Similarly, since you have represented to me

{00090770.2 }



PLAINTIFF'S
EXHIBIT
1

Richard M. Zelma
August 28, 2019
Page 2 of 2

that you are not an attorney-at-law in New Jersey, you cannot sign for the clerk of the court. I have reviewed documents signed by Michelle M. Smith, and that does not appear to be her signature. As a self-styled "*Pro se*" "Attorney *in Fact*" you cannot sign for the Clerk of the Court.

Pursuant to Rule 1:4-8(b), Rule 1:4-8(f) and N.J.S.A. 2A:15-59.1, you are hereby notified that we will, within a reasonable period of time thereafter, apply by motion for sanctions, including an award for attorney fees and costs, against you, your law firm and your client if these counterclaims are not withdrawn within 28 days from your receipt of this letter.

Pursuant to Court Rule and statute, we hereby consent in advance to an adjournment of the trial or further proceedings to allow you and your clients to have the full 28 day period. Should you not seek such an adjournment, you and your clients will have been deemed to have waived this safe harbor provision.

Respectfully submitted,

John D. Coyle

{00090770.2}

RICHARD M. ZELMA*
940 BLANCH AVENUE
NORWOOD, NEW JERSEY 07648

*Lifetime Member: TeleCom Pioneers of America
*Lifetime Member: Communication Workers of America
*Bell System Certified – C.O. Call-Trace Forensic Technician
*NJ Government & PR Spokesperson for Private Citizen, Inc.

TELEPHONE 201-767-8153
TELECOPIER: FOR COURT USE ONLY
EMAIL:TCPALAW@OPTONLINE.NET

September 23, 2019
Via facsimile
The Honorable Claire C. Cecchi, U.S.D.J.
United States District Judge for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

RE: 2:19-cv-17535-CCC-MF

Dear Judge Cecchi:

I am the plaintiff in the above entitled matter. I respectfully ask Your Honor to allow this letter to supplement that which was sent last week by Priority Mail for the reasons set forth below.

The Complaint was filed in the Superior Court of Bergen County as BER-L-7948-17 on August 2, 2019. Guaranteed Subpoena Service (GSS) was able to serve all parties on August 15 &16, 2019. I received notice thereof from GSS on August 27, 2019. However, one of the defendants last name was in error on the affidavit. I informed GSS of the error and was told it would take 10 days to send the corrected Affidavit. On August 30, 2019, the defense removed the case to District Court. On September 16, 2019 I called Your Honors Chambers to advise I was waiting for the corrected Affidavits of Service and that I was filing a Consent form to receive documents electronically. I had also advised Your Honors law clerk that the defendants did not file an answer and were out of time. I was told to wait until until I received the proofs and once posted, I could file my request for the Clerks Entry of Default.

My affidavits were corrected and I mailed all proofs and ECF request to The Court Clerks Office on September 10, 2019. On September 19, 2019, I received an email from The Court confirming receipt of my papers. On that same day, September 19, 2019, I sent The Court my Request for The Clerks Entry of Default for the defendants failure to answer or otherwise respond to the Complaint. It was sent Via Priority Mail from the Norwood NJ Post Office. I was told by the clerk it should be at The Court on Friday or Saturday the latest. I registered with USPS to receive all tracking notices for the parcel. Shortly after I received the ECF for receipt of my papers, I received an ECF where the defendants just filed their answer.

On Friday morning, September 20, 2019 at 8:54 AM, I received notice from the USPS that my item arrived in Newark at 8:23 AM and was on its way to the destination. Several minutes later another email said it was in transit to the destination. At 12:24 PM, I received notice the item was in Harrisburg PA, "currently in transit to the destination." On September 21, at 6:11 AM another notice that the item arrived at the Harrisburg PA post office. On September 22, 2019, I received an email stating the item is in the Harrisburg PA Distribution Center and currently in transit to the destination. And I paid extra for all this!

Until my "item" arrives at The Court, I respectfully request Your Honors consideration with the accompanying papers seeking a Clerks Entry of Default.

Respectfully submitted,

PLAINTIFF'S EXHIBIT 2

Richard M. Zelma, *pro se*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| | |
|---|---|
| **Richard M. Zelma** <br> **Plaintiff** <br> Vs. <br> **CHOICE ENERGY, LLC d./b/a; 4 Choice Energy LLC, and** <br> **MICHAEL JOSEPH NEEDHAM, and** <br> **MOSES K. CHEUNG, et als** <br> **DEFENDANTS'** | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br> NEWARK <br><br> Case 2:19-cv-17535-CCC-MF <br><br> CERTIFICATION IN SUPPORT OF PLAINTIFFS SUR-REPLY |

I, Richard M. Zelma, being of legal age, do hereby certify the following:

1. I am the *pro se* Plaintiff in the above entitled matter.

2. I have full and complete knowledge of all relevant facts and submit this Certification is support of my Surreply to Strike Defendants Answers to the Complaint for failure to respond within the time provided by Fed. R. Civ. P. 81(c)(2)(C).

3. I further Certify that my Requests for Admissions were previously withdrawn as attested to in formal papers previously provided to The Court and the defense.

1

4. Any exhibits, papers, copies, claims as well as all document submissions included hereto are exact representations of their originals or are the originals.

I certify that the foregoing statements made by me are true. I am aware that if any of the forgoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

*[signature]*

Dated: January 30, 2020

Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| | |
|---|---|
| **Richard M. Zelma**<br><br>**Plaintiff**<br><br>**Vs.**<br><br>**CHOICE ENERGY, LLC d./b/a; 4 Choice Energy LLC, and**<br><br>**MICHAEL JOSEPH NEEDHAM, and**<br><br>**MOSES K. CHEUNG,** *et als*<br><br>**DEFENDANTS'** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Case 2:19-cv-17535-CCC-MF**<br><br>**CERTIFICATION OF SERVICE** |

Richard M. Zelma states as follows:

I am the *pro se* Plaintiff in the above entitled matter.

On January 30, 2020, I mailed an Original and Courtesy Copy of Plaintiffs Sur-Reply Brief in Support of my Motion to Strike the Defendants Answers to Plaintiffs complaint as 'out of time'; and in support of my request to deem the allegations in Plaintiffs Complaint as true and enter Default therefor.

The within mailing includes supporting certifications and exhibits with Proof of Service to; the Clerk of the US District Court of New Jersey (Newark) via Overnight Mail from the US Post Office in Norwood NJ.

Enclosed therein is one original and one Courtesy Copy of same to:

1

The Honorable Claire C. Cecchi, U.S.D.J.
United States District Judge for the District of New Jersey Martin Luther King Building & U.S. Courthouse
50 Walnut Street/ clerks office, Room 4015
Newark, NJ 07102

Also, on January 30, 2020, I caused a copy of the aforementioned documents to be served, via 1st Class Mail upon Counsel for the Defendants;

John D. Coyle, Esq.
Bevan, Mosca & Giuditta, P.C.
222 Mount Airy Road, Suite 200
Basking Ridge, New Jersey 07920

I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I'm subject to punishment.

_____  Dated: January 30, 2020

Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

2