UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD M. ZELMA,** | Civil Action No. 19- 17535 (CCC) |
| **Plaintiff,** | |
| v. | |
| **CHOICE ENERGY, LLC d/b/a 4 CHOICE ENERGY LLC (Hereinafter "Choice"); AND MICHAEL JOSEPH NEEDHAM, Individually and as Principal of Choice; and MOSES K. CHEUNG ,** | **OPINION** |
| **Defendants.** | |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion for leave to amend his Complaint. (CM/ECF No. 60.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted**.

## BACKGROUND

This is an action for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.* Defendant Choice Energy, LLC ("Choice Energy") markets and sells alternative electric supply services to individuals throughout several states. (Compl. ¶ 3.) *Pro se* Plaintiff Richard M. Zelma ("Plaintiff") claims that between

December 19, 2017, and October 31, 2018, he received 6 telephone calls to his cellular phone and landline phone from Choice, or third party vendors hired on its behalf, to solicit business. Plaintiff claims that the caller, when asked, identified itself as "Choice Energy". (Pl.'s Reply, CM/ECF No. 19, at 6.) According to Plaintiff, the calls were made by automatic telephone dialing equipment which displayed "spoofed" local numbers on his Caller ID in order to mislead Plaintiff to answer the calls. (Compl. ¶¶ 26-31.) Specifically, Plaintiff alleges that Choice Energy marketed its "discounted energy services" which Plaintiff alleges is a scheme to deceive homeowners that they can save on their monthly utility bills. (Pl.'s Br. at 2, CM/ECF No. 19.)

Plaintiff commenced this action in state court against Choice Energy, and its principals Michael Joseph Needham and Moses K. Cheung (collectively "Defendants"), alleging that Defendants violated the federal do-not-call list and related TCPA regulations by calling him on the six occasions to solicit business. (Compl. ¶ 29.) The five-count Complaint asserted multiple violations of the TCPA as well as a claim under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* Defendants removed the case on August 13, 2019, on grounds of federal question jurisdiction under 28 U.S.C. § 1331. On September 19, 2019, Defendants filed an Answer. Plaintiff filed a motion to strike the Answer which was denied on April 6, 2020. On April 7, 2020, the Court entered a scheduling order pursuant to which discovery was set to close on August 7, 2020, and any motions to amend were to be filed by July 7, 2020. (CM/ECF No. 15.)

On May 26, 2020, Plaintiff filed the instant motion for leave to amend seeking to add as a defendant the telephone marketing company used by Choice, Premiere Business

Solutions, LLC ("Premiere"), as well as various officers and owners of the company.[1] (Proposed Am. Compl. ¶¶ 37-43.)  According to Plaintiff, the calls he received as part of Defendants' alleged scheme were made from an "off-shore call center."  Plaintiff seeks to amend his Complaint to allege that these "off-shore call centers" were outsourced by Premiere, which placed calls to him.  (Id. at ¶¶ 49-50.)

Defendants oppose the motion arguing that the factual allegations Plaintiff seeks to assert in his amended pleading are in bad faith.  Defendants contend that all of Premiere's telemarketing agents are located in the state of Iowa, that it does not use "off shore" call centers, and that it has made this information clear to Plaintiff by way of Defendants' answers to Plaintiff's interrogatories, request for admissions and requests for production of documents.  Defendants argue that Plaintiff has no information upon which to base his allegations and that his motive for filing the motion to amend is to force Choice to settle the case.  (Defs.' Br. at 2.)

## DISCUSSION

### A. *Legal standard*

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v.

---

[1] Plaintiff also seeks to add as defendants Brent Hood and Mike Sobieski, Premiere's managing partner/co-founder and Vice President of Operations, respectively.

Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).  Prejudice to the non-moving party has long been the "touchstone" for the denial of leave to amend. Mullin v. Balicki, 875 F.3d 140 (3d Cir. 2017).  Generally, leave to amend must be granted unless equitable considerations render it otherwise unjust. Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).

Defendants' argument in opposition is that Plaintiff's proposed amendment is made in bad faith.  A motion to amend may be properly denied if there is a showing of bad faith.  *See* Forman v. Davis, 371 U.S. 178, 182 (1962); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  The question of bad faith requires the Court to focus on the party's reasons for not amending sooner. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  Simply failing to add a claim a party had prior knowledge of does not alone amount to bad faith.  *See* Leased Optical Depts. v. Opti-center, Inc., 120 F.R.D. 476 (D.N.J. 1988).

   B.  *Analysis*

The Court cannot conclude at this time that Plaintiff's motion is the product of bad faith as to justify its denial.  Here, Defendants contend that the information revealed in their responses to Plaintiff's discovery demands—that all of Premiere's telemarketing agents are located in the state of Iowa and that it does not use "off shore" call centers—does not support a claim against Premiere and its officers and owners.  Stated another way, Defendants contend that Plaintiff's proposed amendments result from bad faith essentially because the evidence contradicts a finding that Premiere's telemarketers made the calls which are the subject of Plaintiff's TCPA claims and that the real motive behind

Plaintiff's amendment is to compel Defendants to settle the case.

Not surprisingly, Plaintiff's version of what occurred and his purported proofs regarding the calls he received differ substantially from Defendants' contentions. The Court does not act as a finder of fact on a motion to amend. In deciding the motion, the Court will not weigh the evidence and make a decision on the merits of Plaintiff's proposed claims which is arguably what it would be doing if it were to deny the motion for leave as requested by Defendants. It is conceivable that Defendants are correct and that Plaintiff's claims against Premiere and its officers and owners may ultimately be unsuccessful either on a motion for summary judgment or at a trial of the matter. However, it does not preclude Plaintiff from bringing the claims now. Allegations of bad faith must pertain to Plaintiff's motives for not amending sooner, not to Plaintiff's litigation strategy as perhaps may be the case here. Adams, 739 F.2d at 868.

Pursuant to the Court's scheduling order, motions to amend were to be filed by July 7, 2020. Plaintiff filed the instant motion on May 26, 2020, well before the deadline to seek leave to amend. Even if Plaintiff had prior knowledge that the parties should have been added, his failure to do so before now, especially given that he is proceeding *pro se*, does not itself equate to bad faith. For these reasons, the Court will not deny Plaintiff's motion on grounds of bad faith.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend his Complaint is **granted.**

**s/Mark Falk**
**MARK FALK**
**United States Magistrate Judge**

**Dated: September 1, 2020**